ISRAEL P. GRANT, as Surviving Partner of the Late Firm of GRANT & DE WATERS, Appellant, v. EZRA F. GRIFFITH, Respondent.

*Conditional sale — what is an "immediate delivery" where the contract, as made with an agent, requires the approval of his principal, the vendor — an unsigned copy is not a "duplicate."*

Where an order for an engine and boiler taken by an agent requires that the order be submitted to the vendor for approval, the fact that the goods are not delivered until two or three weeks after the order was given, does not establish that there was no "immediate delivery" of the goods within chapter 315 of the Laws of 1884, providing that contracts of conditional sale "which shall be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things contracted to be sold," shall be void as against subsequent purchasers and mortgagees in good faith, unless filed in accordance with the requirements of such act, as there was no contract of sale binding upon the vendor until the delivery was made.

An unsigned copy of the order which the vendee kept is not a duplicate within the meaning of section 7 of the act of 1884, as amended by chapter 225 of the Laws of 1888, providing that the act shall not apply to certain articles, "provided that the contract for the sale of the same be executed in duplicate, and one duplicate shall be delivered to the purchaser."

*Semble*, that the statute requires the duplicate delivered to the vendee to be signed by the vendor, but *quære*, whether it is necessary for both parties to sign.

APPEAL by the plaintiff, Israel P. Grant, as surviving partner of the late firm of Grant & De Waters, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 26th day of August, 1898, upon the decision of the court rendered after a trial at the Broome Special Term, awarding to the defendant the possession of a certain engine and boiler together with damages for their detention.

*Frederick Collin*, for the appellant.

*Israel T. Deyo*, for the respondent.

MERWIN, J. :

The controversy in this case is over the title of an engine and boiler delivered by the Huber Manufacturing Company of Marion, Ohio, to B. C. Barnum on or about the 27th of April, 1892.

The plaintiff claims that there was an executory or conditional

sale of the property by the Huber Company to Barnum, the condition being that the title should remain in the company until the price was paid; that the price was never fully paid, and that the plaintiff has become the owner of all the rights of the company.

The claim of the defendant is that the condition in the sale was, under the provisions of chapter 315 of the Laws of 1884, relating to the conditional sale of personal property on credit, void, and that the title was absolute as to subsequent purchasers and mortgagees in good faith.

It was conceded that the contract of sale was not filed as required by section 2 of the act, and it was shown that the defendant was a subsequent mortgagee in good faith, and in possession as such at the time of the commencement of this action by plaintiff to recover the possession. The defendant, therefore, would be protected by the act, unless, as claimed by the plaintiff, the contract of sale was not accompanied by an immediate delivery, and was, therefore, not within the provisions of the act, or unless the rights of the Huber Company were preserved by the provisions of section 7 of the act of 1884, as amended by chapter 225 of the Laws of 1888, which provides that the act shall not apply, among other articles, to engines and boilers, " provided that the contract for the sale of the same be executed in duplicate, and one duplicate shall be delivered to the purchaser."

The plaintiff was engaged in business at Elmira. On the 13th of April, 1892, he, by an agent, applied to Barnum, who lived in the town of Colesville, in Broome county, and obtained from him a written order, signed by him, directed to the Huber Manufacturing Company, for the shipment to him of the property in question, the price being stated, for which Barnum agreed to give notes payable at certain dates, the notes to be dated on the day the machinery was delivered. The order stated that " this machinery is to remain the property of the Huber Manufacturing Company until paid for." On the back of the order was a " property statement ", signed by Barnum, and also a statement that the order must be submitted for approval to the company. At the time this order was taken, the agent of plaintiff had two blank orders, which he filled up and handed to Barnum to sign, and Barnum signed one and handed it back, and kept the other which was not signed by any one. The

property was delivered to Barnum two or three weeks after the order was given, and was never fully paid for. The only contract of sale was the order followed by the delivery.

The statute of 1884 is limited to contracts for the conditional sale of goods " which shall be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things contracted to be sold."

The argument in support of the proposition that the contract of sale was not accompanied by an immediate delivery is in substance that, upon the approval by the Huber Company of the order taken by plaintiff, the contract became operative as of the thirteenth of April, the date of the order; and that as the property was not delivered until two or three weeks after that date, there was no immediate delivery. There was, however, no approval or acceptance of the order until the delivery was made. The fact of delivery is the evidence of approval and acceptance. The date of the delivery was to be the date of the notes to be given for the price. There was, in fact, no contract of sale till the delivery was made. There was nothing binding on the company until that point of time, and then there was an immediate delivery.

The contention of the appellant in this regard seems to be without foundation. The case of *Graves Elevator Co.* v. *Callanan* (11 App. Div. 301) is not applicable. In that case the contract was to erect an elevator in a hotel according to certain plans and specifications, and the elevator was to be thereafter made.

The further question is whether the contract was executed in duplicate, and one duplicate delivered to the purchaser. It is argued that the unsigned copy of the order which Barnum kept satisfied the statute. We think not. An execution in duplicate means that there must be two originals of the same tenor. Ordinarily a contract is executed in duplicate, so that each party may have an original in his possession. A copy is not a duplicate. (10 Am. & Eng. Ency. of Law [2d ed.], 318.) The statute in question necessarily called for a written instrument, and the purpose of the act required that the duplicate to be held by the purchaser should be signed by the seller. Whether it was necessary for both parties to sign each is a question not necessary here to determine. Undoubtedly that would be the better way.

It follows that, assuming the plaintiff to possess all the rights of the Huber Company, about which some question is made, the defendant is protected by the statute of 1884.

The judgment should, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.